**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 14-216-WOB-CJS**

**MILBURN WAYNE GLOVER**                                                                 **PLAINTIFF**

**v.**                              <u>**REPORT AND RECOMMENDATION**</u>

**CAROLYN W. COLVIN, ACTING**
**COMMISSIONER OF SOCIAL SECURITY**                                  **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

### I.  Introduction

Plaintiff Milburn Wayne Glover, by and through counsel, filed this civil action on November 7, 2014, seeking review of the Commissioner's decision finding him not disabled under the Social Security Act (R. 2).  Before the Court is Plaintiff's Motion to Proceed *in Forma Pauperis* (R. 1).  An Order of Reference was entered on November 10, 2014, referring this case to the undersigned for  Report and Recommendation as to dispositive motions and disposition of all non-dispositive motions.  (R. 3).  This Report and Recommendation is filed pursuant to *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990) (holding that magistrate judges lack authority to deny pauper status).  For the reasons discussed below, it will be recommended that Plaintiff's Motion to Proceed *in Forma Pauperis* (R. 1) be **denied,** and that Plaintiff be given 30 days within which to pay the applicable filing fee to avoid having this action dismissed.

## II. Discussion

In support of Plaintiff's request to proceed *in forma pauperis,* Plaintiff filed an Affidavit with his Motion (R. 1-1).  Because more information was needed for the Court to make a determination as to whether Plaintiff qualifies under 28 U.S.C. § 1915 to proceed without prepayment of fees and costs, Plaintiff was ordered to complete and file AO Form 239, Application to Proceed in District Court Without Prepaying Fees or Costs.   Plaintiff completed and filed this Application on November 21, 2014 (R. 5).  The Application sets forth financial assets and liabilities of Plaintiff and his spouse.  According to his Application, neither Plaintiff nor his spouse have been gainfully employed for at least the past two years.  As for assets, Plaintiff indicates that he and his wife have no cash or bank accounts, but that he owns two vehicles -- a 1998 GMC Jimmy valued at $1,000 and a 2014 GMC Sierra valued at $22,109.  As for expenses, Plaintiff notes for himself only food expenses and notes food, utilities, and insurance expenses for his spouse.  They receive a small monthly sum in public assistance (food stamps), and rely on Plaintiff's sister-in-law for financial assistance with their other expenses.

Under federal law, a district court may authorize "the commencement, prosecution or defense of any suit... without prepayment of fees...by a person who submits an affidavit...that the person is unable to pay such fees."  28 U.S.C. § 1915; *also see Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) ("The decision whether to grant a request to proceed *in forma pauperis* is committed to the discretion of the district court.").[1]  In *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331 (1948),

---

[1]While the language of 28 U.S.C. § 1915 refers to prisoners, it has been interpreted to apply to non-prisoner cases as well.  *See Fridman v. City of New York*, 195 F. Supp.2d 534, 536 n.1 (S.D.N.Y. 2002); *see also Sears, Roebuck & Co. v. Sears Real Estate*, 686 F.Supp. 385 (N.D.N.Y. 1988), *aff'd*, 865 F.2d 22 (2d Cir. 1988).

the Supreme Court held that a party need not be completely destitute to pursue an appeal *in forma pauperis*.  Courts have held that the statute does not require a party "to choose between abandoning a potential meritorious claim or foregoing the necessities of life."  *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).  An applicant will qualify for *in forma pauperis* status if he or she cannot "pay or give security for the costs...and still be able to provide himself and dependents with the necessities of life."  *Adkins*, 335 U.S. at 339.

In determining *in forma pauperis* eligibility, "courts will generally look to whether persons are employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006).  Here, Plaintiff represents that neither he nor his spouse has been employed for some time and they do not receive any income from salaries or retirement benefits.

Turning to other property or valuables, assets include equity in real estate and automobiles. *See United States v. Valdez*, 300 F. Supp. 2d 82, 84 (D.D.C. 2004).  Plaintiff's Application does not list ownership of any real estate, but it does list two vehicles, one of which appears to be a new vehicle with substantial value and for which Plaintiff does not list any loan or other indebtedness. Plaintiff's initial Affidavit noted his ownership of this 2014 vehicle (*see* R. 1-1).  His subsequent Application confirms his ownership of this vehicle and its value, and lists no debt for the vehicle (*see* R. 5, at pp. 3-4).

In his Affidavit in Support of the Application, Plaintiff states under penalty of perjury that he is "unable to pay the costs of these proceedings" (*see* R. 5, at p. 1) and states in his Application that he has "no income of my own to pay the filing fee associated with this claim" (*see* R. 5, at p. 5). That Glover has no *income* with which to pay the $400 filing fee is confirmed by his filings;

3

however, his general statement that he is "unable to pay the costs of these proceedings" has not been confirmed by his filings, primarily his lack of explanation about his unencumbered ownership of a vehicle that he values at more than $22,000.  In seeking *in forma pauperis* status pursuant to 28 U.S.C. § 1915, Plaintiff must sufficiently demonstrate his inability to both provide himself with the necessities of life and pay the costs of litigation.  *See Adkins,* 335 U.S. at 339-40.  But Plaintiff has not evidenced indigency in his Application given his lack of explanation about his ownership of a $22,000 vehicle.  In light of this asset, Plaintiff has not demonstrated that because of his poverty he is unable to pay for the costs of litigation without undue financial hardship.  Thus, Mr. Glover is not indigent within the meaning of the statute.  Instead, he "is merely in the position of having to weigh the financial constraints posed if he pursues [his appeal] against the merits of the case."  *Sears, Roebuck & Co. v. Sears Real Estate,* 686 F. Supp. 385, 388 (N.D.N.Y. 1988), *aff'd,* 865 F.2d 22 (2d Cir. 1988).

### III.  Conclusion

Upon consideration of the circumstances presented by Plaintiff in his filings, **IT IS RECOMMENDED** that:

1.      Plaintiff's Application to Proceed *in Forma Pauperis* (R. 1) be **denied;** and,

2.      Plaintiff be required to pay the necessary filing fee within thirty (30) days of the date of this Order, else this matter be dismissed.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within **fourteen (14) days** of the date of service or further appeal is waived.  Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).  A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement

4

of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (*citing Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may file a response to another party's objection within **fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).

Dated this 31st day of December, 2014.



**Signed By:**

*Candace J. Smith*

**United States Magistrate Judge**

G:\DATA\social security\14-216-R&R deny IFP.wpd